Mr. Robert Reed, Spokesperson Arkansans for Medical Cannabis
295 Elan Trail Dennard, Arkansas 72629
Dear Mr. Reed:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name of and ballot title for a proposed initiated act. You previously submitted a similar measure, which this office rejected. See Op. Att'y Gen. 2011-031. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name ARKANSAS MEDICIAL [SIC] CANNABIS ACT Ballot Title AN ACT TO ESTABLISH THE REGULATIONS, MEDICAL CANNABIS LICENSE, AND REQUIREMENTS FOR THE USE, POSSESSION, CULTIVATION, AND TRANSPORTATION OF CANNABIS FOR MEDICAL USE FOR REGISTERED PATIENTS IN THE STATE OF ARKANSAS, UNDER STATE STATUTE, WHILE UNDERSTANDING THAT THIS ACT IS NOT IN COMPLIANCE WITH FEDERAL LAW OR STATUTE
The Attorney General is required by A.C.A. § 7-9-107 to certify the popular name and ballot title of all petitions for proposed initiated or referred acts or *Page 2 
constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.Neither certification nor rejection of a popular name and ballottitle reflects my view of the merits of the proposal. This Officehas been given no authority to consider the merits of anymeasure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 445, 29 S.W.3d 669 (2000);see also Donovan v. Priest,326 Ark. 353, 931 S.W.2d 119 (1996), Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title honestly, intelligibly, and fairly summarize the provisions of your proposed measure. Making that determination is the purpose of my review and certification: to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act or amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, *Page 3 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed."Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990);Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v.McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the foregoing law to your measure, I conclude that I must reject your proposed popular name for failing to be intelligible, and your ballot title for failing to be honest. I discuss the reasons for my conclusions below.
Popular Name
Your proposed popular name — "Arkansas Medicial [sic] Cannabis Act" — is unintelligible in that it uses a "word" that, as far as I can determine, does not exist in English. Particularly given your proposal's other shortcomings, I decline to speculate whether you intended "medical," "medicinal," or something else.
Ballot Title
Your ballot title's falsity lies principally in its omission of practically all the proposal's provisions, changes the proposal's enactment would make in current law, and other material facts that would give voters grounds for reflection. It states *Page 4 
in that the proposal establishes requirements, etc., relating to the use, etc., of cannabis for medical purposes, but contains no real explanation of what those requirements, etc., are, the extent to which cannabis may be used, etc., under the proposal, or how the proposal would change current law. It also fails to refer, even obliquely, to material provisions of the proposal, including without limitation those relating to caregivers, cultivators, information access and protections, and property seizure and forfeiture. Although the proposed ballot title is somewhat more descriptive than was the ballot title in the proposal you submitted earlier, its language remains, in my view, wholly deficient. It again evidences little or no effort to summarize your proposal and its material effects completely and is therefore inherently misleading.
I note that the current ballot title contains language intended to address the fact that no state law can completely legalize marijuana for medical purposes in Arkansas because the drug remains illegal under federal law. The language used is problematic, stating that the act will establish requirements, etc., relating to the use, etc., of cannabis for medical purposes "while understanding that this act is not in compliance with federal law or statute." The usage is awkward, not standard, and therefore confusing: "An act to establish . . . while understanding. . . ." And the important fact to be pointed out to voters is not that the proposal "is not in compliance with federal law." In a very real sense, the statement is false. Nothing in federal law, to my knowledge, requires states to prohibit any acts relating to cannabis. State laws that permit medical cannabis use are not, therefore, out of compliance with federal law. The point is that no state law may negate the operation of federal law which, in this case, assuming your proposal is enacted, may subject people to criminal penalties notwithstanding their compliance with state law. This language, in my view, is sufficiently doubtful of meaning that a reasonably intelligent voter could fail to grasp the language's intended import. It is therefore misleading.
Proposal's Text
In my view, as discussed above, your popular name and ballot title are wholly deficient and do not fully, fairly, or correctly summarize your proposal. Aside from the popular name and ballot title, however, the text of your proposal itself contains several ambiguities. I cannot fairly or completely summarize the effects *Page 5 
of your proposed measure to the electorate in a popular name and ballot title without resolution of the proposal's ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title under A.C.A. § 7-9-107(b).[1]
In the normal course, this office attempts to point out and describe all the ambiguities contained in a proposal rejected because of such ambiguities. Here, I have rejected the proposal because of fundamental shortcomings in the popular name and ballot title. In this instance, my preparation of such a comprehensive list is impracticable and would go well beyond the appropriate examination and certification process and amount to acting as the proposal's drafter. In considering whether to submit a revised proposal, you should be aware that we may call attention to a proposal's ambiguities on any review, even though they may have been embodied in an earlier version of the proposal. If you have not done so already, you may wish to consult counsel. You may also wish to refer, for purposes of comparison, to proposals relating to cannabis that this office has approved over time.[2]
I can say in general that your proposal has several shortcomings that create ambiguity about its intent and effect. I list here some examples:
 • In section 1, your proposal refers to "the production, transportation and/or delivery of Cannabis as otherwise regulated" (Emphasis added.) The meaning and intended significance of the phrase "as otherwise regulated" are not clear. I perceive no difference in meaning between the sentence as drafted and the sentence as it would be without the phrase. The phrase is therefore ambiguous. *Page 6 
 • Your definition of "Cannabis" is ambiguous. The word is defined in part as "[a]ny plant material not containing seeds, stems or root ball derived from the Cannabis Sativa or Hemp plant . . ." It seems likely that your intent was to define "cannabis" to exclude seeds, stems, and roots from the definition, but the effect is to exclude all plant material that includes any of the named structures. And it is not clear whether the "derive from" phrase modifies "plant material," "seeds, stems or root ball," or "root ball."
 • Your definition of "Health Care Practitioner" is ambiguous. The term is defined in part as "[a]ny person authorized under Arkansas State Statute that is allowed to prescribe medications . . ." The definition implies separate authorization and allowance. The allowance is clearly allowance to prescribe. The nature and source of the authorization is not clear.
 • Your definition of "Caregiver" is ambiguous in failing to specify the nature of the "written individual instruction" contemplated; in repeating the requirement that a Caregiver be at least 18 years old; in failing to specify how and to whom a Registered Patient or other person must demonstrate an inability to cultivate his or her own cannabis; and in implying that only a Caregiver described in subsection (4) is required to register.
 • Your definition of "Cannabis Cultivator" is ambiguous in requiring such a person to "posses [sic] a sales tax permit" without clearly providing that such a person may, or may not, sell cannabis.
 • Section 3 of your proposal is ambiguous in stating that a Medical Cannabis License will be issued to a Caregiver, without providing rules or procedures relating to applications by prospective Caregivers; the rules appear to contemplate applications filed by prospective Registered Patients only.
 • Section 3 of your proposal is ambiguous in suggesting that section 5.1 contains possession limits applicable to Cannabis Cultivators. It does not.
 • Section 4 of your proposal is ambiguous in suggesting that law enforcement officers may not obtain any information from the registry about a person unless the person is in possession of a Medical Cannabis License. It is also ambiguous in purporting to subject Health Department employees to penalties under federal law.
 • Section 4 of your proposal is ambiguous in suggesting that violation of your proposal's provisions amount to a criminal offense. Your proposal does not appear to criminalize anything. *Page 7 
 • Section 4 of your proposal is ambiguous in implying an affirmative duty to protect "property interests" of seized property without specifying the extent of that duty.
 • Section 4 of your proposal is ambiguous in purporting to apply to "patients" and "primary care-givers" without explaining how those terms are different from "Registered Patients" and "Caregivers."
 • Section 4 of your proposal is ambiguous in referring to "district attorneys," an office that does not exist under Arkansas law.
 • Section 4 of your proposal is ambiguous in failing to specify the extent of the reciprocity to be extended to residents of other states.
 • Section 5 of your proposal is ambiguous in several respects in specifying cultivation, possession, and transportation limits. In particular, it appears that persons may be protected from prosecution regardless of the source of the cannabis they possess. If your intention is to permit participants in the medical cannabis market to obtain the substance from any source, legitimate or not, you should make that intention clear in the proposal and particularly in the ballot title.
 • Your proposal contains misspellings, nonstandard and inconsistent punctuation, seemingly random indentation and spacing, misused homophones, defined terms without capitalized initial letters, undefined terms with capitalized initial letters, and defined nouns transformed into verbs with capitalized initial letters. While shortcomings of this nature are not necessarily fatal flaws in and of themselves, I believe their presence would prompt a reasonable voter to question whether appropriate effort and attention had been devoted to drafting the proposal in a way that would actually achieve the desired purpose without material, negative unintended consequences.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. *Page 8 
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen, supra. Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title.See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/cyh
[1] You should be aware that I likely would not have substituted a popular name and ballot title in this instance even if the body of your proposal had been free of ambiguity. Where the proposal does not evidence a good faith effort to comply with the rules governing the initiative process, including the requirement to summarize the proposal in a fair, accurate, and complete manner, and is therefore sufficiently misleading under A.C.A. § 7-9-107(c), this office will decline to prepare a substitute. See, e.g., Op. Att'y Gen. 2011-031, 2011-023, 2008-056, 2007-316.
[2] See, e.g., Op. Att'y Gen. 2011-049, 2004-074, 2000-191, 1999-419, 1999-415, 1999-367 (medical marijuana), 99-299, 97-302, 87-278 (marijuana decriminalization).